UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS DEMARCUS McDANIEL,<br><br>               Plaintiff,<br><br>      v.<br><br>MALONE, et al.,<br><br>               Defendants. | Case No.: 1:26-cv-01684-SKO<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>(Doc. 3) |

Plaintiff Douglas Demarcus McDaniel is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.      INTRODUCTION

On February 17, 2026, Plaintiff filed an Application for Appointment of Counsel, a Judicial Council of California form, docketed as a motion to appoint counsel. (Doc. 3.) The form concerns guardianship or conservatorship under the California Probate Code. (*Id*.) Plaintiff checked the box for "person alleged to lack capacity" and explained his request for the appointment of counsel was "[b]ecause I'm in prison and lack the funds." (*Id*.)

## II.     DISCUSSION

### *Plaintiff's Motion to Appoint Counsel*

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d

952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. This action was recently transferred from the Sacramento division to the Fresno division, and Plaintiff's complaint has not yet been screened. Thus, a determination concerning the likelihood of Plaintiff's success on the merits of his claims is premature. Further, a likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. Further, the merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening. Therefore, a determination on the merits has not yet been evaluated.

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Here, the Court finds Plaintiff able to articulate his claims in light of their complexity. A brief review of Plaintiff's complaint reveals Plaintiff presents claims alleging excessive force, conspiracy, and false imprisonment. (*See* Doc. 1 at 3-5.) Those claims are not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *Mastromatteo v. Simock*, 849 F. Supp. 25, 27 (E.D. Pa. 1994) (false

imprisonment and malicious prosecution claims are not overly complex issues); *Hall v. Smith*, No. 2:20-cv-00245, 2022 WL 22857034, at *1 (W.D. Mich. Mar. 2, 2022) (denying appointment of counsel and finding the "case is not complex and involves allegations of retaliation and conspiracy"); *Andre-Gollihar v. County of San Joaquin*, No. 2:09-cv-03313 MCE KJN PS, 2010 WL 2925358, at *2 (E.D. Cal. July 26, 2010) ("plaintiff's claims of excessive force and wrongful death are not complex").

To the extent Plaintiff relies upon his indigency and incarceration to support his motion, those circumstances do not qualify as exceptional circumstances warranting the appointment of counsel. *See Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel").

To the extent Plaintiff indicates he suffers from a mental illness or disability, those circumstances are not exceptional. *See, e.g.*, *Jones v. Kuppinger*, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("[c]ircumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel"). Additionally, a claim of mental incapacity must be supported by substantial evidence. Other than checking a box claiming to "lack capacity," Plaintiff has offered no evidence to support his claim. *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *Fletcher v. Quin*, No. 3:15-cv-2156-GPC-NLS, 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018) (impairment must be "an incapacitating mental disability" and be supported by "substantial

3

evidence of incompetence"); *McElroy v. Cox*, No. 08-1221-JM (AJB), 2009 WL 4895360 at *2 (E.D. Cal. Dec. 11, 2009) ("Plaintiff has submitted evidence of incompetence similar to what the petitioner submitted in *Allen*. However, there is no nexus between his mental disorder and his ability to articulate his claims. Plaintiff's claim that he suffers from a mental illness which prevents him from sufficiently bringing his case is undercut by his pleading").

The test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. *See Wilborn*, 789 F.2d at 1331. Here, no exceptional circumstances exist warranting the appointment of counsel. Plaintiff's motion will be denied.

### *Miscellaneous Advisements to Plaintiff*

As noted above, Plaintiff used a form employed in California state courts. As this action was filed in federal court rather than state court, Plaintiff should avoid using Judicial Council of California forms.

Plaintiff is encouraged to review the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued March 2, 2026, as it provides helpful information about litigating a case in federal court. (*See* Doc. 7.) Various federal forms can be found on this Court's website at https://www.caed.uscourts.gov/caednew/index.cfm/forms/.

Finally, Plaintiff is advised that this Court is one of the busiest district courts in the nation and all judges carry heavy caseloads. Delays, while unfortunate, are unavoidable. Plaintiff's complaint will be screened in due course.

### III.   CONCLUSION AND ORDER

For the foregoing reasons, the Court **HEREBY ORDERS** that Plaintiff's motion to appoint counsel (Doc. 3) is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 17, 2026**                    /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE