UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS DEMARCUS McDANIEL,<br><br>                    Plaintiff,<br><br>          v.<br><br>MALONE, et al.,<br><br>                    Defendants. | Case No.: 1:26-cv-01684-EGC (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY LOCAL RULES AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Douglas Demarcus McDaniel is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.      BACKGROUND

Plaintiff initiated this action by filing a complaint, an application to proceed *in forma pauperis* (IFP), and a motion to appoint counsel in the Court's Sacramento division on February 17, 2026. (Docs. 1-3.)

The action was then transferred to this Court on March 2, 2026 (Doc. 6) and new case documents were issued that same date (Doc. 7).

On March 17, 2025, the Court issued its Order to Submit Application to Proceed In Forma Pauperis or Pay Filing Fee Within 45 days (Doc. 8), as Plaintiff's early submission was incomplete. That same date, the Court issued its Order Denying Motion to Appoint Counsel.

(Doc. 9.)

On March 23, 2026, the order transferring the action and the new case documents were returned by the United States Postal Service (USPS) marked "Undeliverable," and "Inmate Discharged/Inactive."

On April 8, 2026, the order to submit a completed IFP application and order denying counsel were returned by the USPS marked "Undeliverable," "Inmate Discharged," and "Inactive."

## II.    DISCUSSION

Plaintiff has failed to keep the Court apprised of his current address. Therefore, the undersigned will recommend this action be dismissed without prejudice.

### *Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." Further, Local Rule 183(b) states that a "party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is

2

returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." (Emphasis omitted.)

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

### *Analysis*

Here, Plaintiff has failed to file a notice of change of address or to otherwise advise the Court of his current address. According to the Court's docket, Plaintiff's address of record is "California State Prison, Los Angeles County, P.O. Box 8457, Lancaster, CA 93539-8457." All orders issued by the Court since February 17, 2026, have been served to that address. On March 23 and April 8, 2026, mail directed to Plaintiff was returned to the Court marked "Undeliverable" and no forwarding address was available. A recent search of the CDCR's California Incarcerated Records and Information Search (CIRIS) tool using Plaintiff's CDCR number revealed "No Results."[1] Because Plaintiff has failed keep the Court apprised of his current address, this action is subject to dismissal. Given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to obey the Local Rules and failure to prosecute. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

---

[1]*See* https://ciris.mt.cdcr.ca.gov/results?cdcrNumber=CB3484, last accessed 4/29/2026.

3

The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, while Plaintiff's complaint had not yet been screened and no defendant has appeared, these proceedings are essentially at a standstill because of Plaintiff's failure to keep the Court apprised of his current address. Plaintiff has unreasonably delayed the prosecution of this action since at least March 23, 2026, when mail directed to Plaintiff was returned to the Court as undeliverable. Thus, the third factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. It is his responsibility to do so. Instead, Plaintiff has stopped communicating with the Court altogether and has failed to comply with this Court's Local Rules. More than 30 days have passed since the USPS returned both the two orders issued March 2, 2026, and the two orders issued March 17, 2026, yet Plaintiff has failed to file a notice of change of address in compliance with Local Rule 183(b). Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued February 17, 2026, by Magistrate Judge Allison Claire in the Sacramento division,[2] Plaintiff was advised as follows: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so

---

[2] This order was not returned by USPS as undeliverable.

comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 5 at 1.) That Order further advised: "A pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received. … If mail directed to a pro se plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be reserved a second time absence a notice of change of address. If a pro se plaintiff's address is not updated within thirty-three (33) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute." (*Id*. at 5-6.)[3] The undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with this Court's Local Rules or failure to update his address. Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with this Court's Local Rules, and in doing so, has failed to prosecute this action. Having weighed the equities and considered the relevant factors noted above, the undersigned concludes that dismissal of this action is warranted.

### III.    CONCLUSION AND RECOMMENDATION

Accordingly, the Clerk of the Court is **DIRECTED** to assign a district judge to this action.

Further, for the reasons stated above, the Court **HEREBY RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the Local Rules and to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to

---

[3] A blank Notice of Change of Address form was included for Plaintiff' use. (*See* Doc. 5 at 8.)

Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **May 5, 2026**                        _____
                                                                UNITED STATES MAGISTRATE JUDGE